UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                 Case No:. 09-cr-20473

Brandi Nicole Davis,                     Honorable Victoria A. Roberts

    Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO SEAL FEDERAL CRIMINAL CONVICTION

### I. Introduction

In 2011, Defendant Brandi Davis pled guilty to conspiracy to distribute controlled substances. The Court sentenced her to 120 months; Davis was given credit for time served since 2009. Davis now requests that the Court seal her federal criminal conviction (Doc. 213). She states that she has "paid [her] dues to society" and sealing her case will help her find employment after her release.

The Court **DENIES** Ms. Davis request.

### II. Applicable Law and Analysis

In federal court, there is no distinction between sealing and expunging a criminal record; sealing is tantamount to expungement. *United States v. Coloian,* 480 F.3d 47, 48 n. 3 (1st Cir.2007). The Sixth Circuit formerly recognized that federal courts have inherent power to expunge criminal records; See, e.g., *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977), and *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010). However, *United States v. Lucido* held that both *Doe* and *Carey* failed to explain why

1

this Court had jurisdiction to expunge federal convictions under either the U.S. Constitution, statute, or by the exercise of ancillary jurisdiction. *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010).

*Lucido* followed the Supreme Court precedent in *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Specifically, the Court held that federal courts do not have inherent power to expunge; they are "courts of limited jurisdiction" empowered only by statute and the Constitution. "[They] may not expand that power by judicial decree." *Lucido*, 612 F.3d at 873. The party asserting jurisdiction has the burden to establish that a claim is within the jurisdiction of the federal courts. *Kokkonen,* 511 U.S. at 377.

The *Lucido* Court examined three possible avenues to establish jurisdiction to seal records. The court first examined whether authority over the original criminal case directly provides district courts with jurisdiction to consider expungement. *Lucido* reasoned that although a district court may have original jurisdiction over criminal charges, once the court enters an unchallenged final judgment, that judgment ends the courts' jurisdiction over the case. *Lucido,* 612 F.3d at 874 (citing *United States v. Martin*, 913 F.2d 1172, 1174 (6th Cir. 1990)). Accordingly, the statutory basis which gave this Court original jurisdiction over Davis' criminal case does not provide a jurisdictional basis for this Court to consider expungement. *Id.* Davis' unchallenged conviction ended this Court's jurisdiction over her case.

The second ground *Lucido* examined is whether any federal statute directly provides the district court with jurisdiction to expunge. Id. While there are several

statutes which permit federal courts to hear expungement motions, Davis does not cite any statute which would authorize this Court to consider her request.

Finally, *Lucido* addressed 18 U.S.C. § 3231 which states that "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *18 U.S.C.A. § 3231 (West).* The *Lucido* court examined whether original authority to address a case under § 3231 indirectly empowers district courts to consider expungement requests asserted under ancillary jurisdiction. *Lucido,* 612 F.3d at 874. *Lucido* relied on *Kokkonen* which states that ancillary jurisdiction can only be established in federal court in one of two ways: (1) To permit disposition by a single court of claims that are factually interdependent; (2) To enable a court to function successfully, manage its proceedings, vindicate its authority, and effectuate its decrees. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378. A request for expungement does not meet either criteria, and Davis does not make her request under the Court's ancillary authority.

### III. Conclusion

The Court has no jurisdiction to seal Davis' federal criminal conviction. Her request is **Denied.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 21, 2015

3

The undersigned certifies that a copy of this document was served on the attorneys of record and Brandi Davis by electronic means or U.S. Mail on July 21, 2015.
s/Linda Vertriest
Deputy Clerk